# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SHON OLIVENTA WILLIAMS,<br><br>    Petitioner,<br><br>  v.<br><br>L. BIRD,<br><br>    Respondent. | No. CV 21-3036-MWF (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |

## I
## BACKGROUND

Shon Oliventa Williams ("petitioner") initiated this action on April 5, 2021, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition challenges his June 2016 conviction in Los Angeles County Superior Court case number YA093048, in which petitioner pleaded guilty to carjacking (Cal. Penal Code § 215) and received a sentence of fifteen years in state prison. (ECF No. 1 at 2[1]). The Petition sets forth two grounds for relief: (1) a sentencing challenge pursuant to California Penal Code § 1170(d)(1); and

---

[1] For ease of reference, the Court refers to the ECF-generated page numbers when citing to the Petition.

(2) a sentencing challenge pursuant to California Senate Bill 1393 ("SB 1393"). Petitioner indicates he has exhausted his state court remedies by raising these claims in a habeas petition to the California Supreme Court. (Id. at 5-6).

## II

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Having conducted a preliminary review of the Petition, the Court issues this Order to Show Cause directed to petitioner because the face of the Petition suggests that petitioner's grounds for relief are not cognizable on federal habeas review.

A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review"); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

/
/
/
/
/

### A. Ground One

In petitioner's first ground for relief, he asserts that he is entitled to have his sentence reduced pursuant to California Penal Code section 1170(d)(1) based on his exemplary behavior in prison. (ECF No. 1 at 5).

Section 1170(d)(1) provides that the sentencing court may recall the sentence and resentence a defendant to a reduced term either on the court's own motion, or "at any time upon the recommendation" of the secretary of the California Department of Corrections and Rehabilitation, the Board of Parole Hearings, or the district attorney of the county in which the defendant was sentenced. Cal. Pen. Code § 1170(d)(1). Resentencing under this provision is permitted if it is in the interest of justice, and the sentencing court may consider postconviction factors such as the inmate's disciplinary record and record of rehabilitation while incarcerated; evidence indicating whether the inmate's age, time served, and diminished physical condition have reduced his risk for future violence; and evidence indicating that circumstances have changed since the original sentencing so that the inmate's continued incarceration is no longer in the interest of justice. Id.

The question of whether petitioner is entitled to resentencing under section 1170(d)(1) pertains only to state law. As such, Ground One is not cognizable on federal habeas review. See, e.g., Mills v. Marsh, 2020 WL 1180433, at *3 (C.D. Cal. Jan. 9, 2020) ("Whether Petitioner is entitled to resentencing [under section 1170(d)(1)] is a question pertaining solely to state law, rendering it noncognizable on federal habeas review."), Report and Recommendation accepted, 2020 WL 5202073 (C.D. Cal. Sept. 1, 2020); Bailey v. Sherman, 2020 WL 4372118, at *2-3 (C.D. Cal. June 30, 2020) (claim seeking recall and resentencing under section 1170(d)(1) not cognizable), Report and Recommendation accepted, 2020 WL 4368062 (C.D. Cal. July 30, 2020); Nichols v. Pfeiffer, 2019 WL 4014429, at *7 (C.D. Cal. Aug. 26, 2019) (resentencing claim pursuant to section 1170(d)(1) not cognizable).

/
/
/

### B. Ground Two

In petitioner's second ground for relief, he asserts that he qualifies under SB 1393 to have the sentencing court dismiss his "nickel prior," i.e., a five-year sentence enhancement based on a prior serious felony conviction (Cal. Penal Code § 667(a)). (ECF No. 1 at 5-6).

SB 1393, which went into effect on January 1, 2019, amended section 1385 of the California Penal Code to eliminate the prohibition against striking a five-year enhancement for a prior serious felony. This resulted in state trial courts having discretion to strike such an enhancement. See People v. Dearborne, 34 Cal. App. 5th 250, 268 (Cal. App. 4 Dist. 2019). SB 1393 applies retroactively to cases that were not yet final on its effective date. Id.

Petitioner's claim seeking the dismissal of a five-year sentence enhancement under SB 1393 is purely a state law matter. As such, Ground Two of the Petition fails to state a cognizable federal habeas claim. See, e.g., Burchett v. Martel, 2020 WL 1847131, at *2 (C.D. Cal. Mar. 11, 2020) ("Petitioner's allegations that he is entitled to the benefit of S.B. 1393 involve solely the alleged misapplication of California sentencing law . . . [and] fail to state a cognizable federal claim."), Report and Recommendation accepted, 2020 WL 1820518 (C.D. Cal. Apr. 10, 2020); see also Bush v. Davis, 2020 WL 7043882, at *2-3 (N.D. Cal. Dec. 1, 2020) (listing "federal district court[] [cases that] have rejected SB 1393 sentencing claims for failure to state a cognizable federal habeas claim"). In any event, it appears that petitioner's 2016 conviction became final well before SB 1393 went into effect in 2019, and therefore, pursuant to California law, petitioner is not eligible for relief under SB 1393.

/
/
/
/
/
/
/
/

## III

## **ORDER**

In light of the foregoing, petitioner is ordered to show cause why the Petition should not be dismissed. **No later than May 12, 2021**, petitioner must submit to the Court a response making clear his arguments, if any, as to why the Petition should not be dismissed as not cognizable.[2]

Alternatively, if petitioner agrees that the instant Petition should be dismissed without prejudice for failure to state a cognizable claim, he may instead file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a petitioner[3] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not filed either an answer or a motion for summary judgment.

\* \* \*

---

[2] Petitioner is advised that the mere assertion of a due process violation does not "transform a state-law issue into a federal one." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Accordingly, if petitioner intends to show that his sentencing claims in Grounds One and Two raise a federal question, he must do more than simply include an allegation that he was deprived of due process. Although invoking due process may, on the surface, cast the claims as federal in nature, the claims would still rest on asserted violations of state sentencing law, and therefore would remain noncognizable.

[3] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at \*1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.

Along with this Order to Show Cause, the Court Clerk is directed to send petitioner a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)."

**Petitioner is advised that if he fails to respond as ordered by May 12, 2021, by either filing a response setting forth the reasons why his claims should not be dismissed as not cognizable, or by filing a notice of dismissal, the Petition will be summarily dismissed for failure to state a cognizable claim, as well as for failure to prosecute and follow court orders.**[4]

DATED: April 14, 2021

/s/ Paul L. Abrams

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[4] To the extent petitioner requests to have counsel appointed to represent him in this action, the Court **denies** his request without prejudice. (See ECF No. 1 at 19). To be entitled to appointed counsel, a petitioner must show that the "circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); see 18 U.S.C. § 3006A(a)(2) (providing that a district court has discretion to appoint counsel for state habeas corpus petitioners when it determines "that the interests of justice so require"); see Anderson v. Heinze, 258 F.2d 479, 484 (9th Cir. 1958) ("Except under most unusual circumstances, an attorney ought not to be appointed by a federal court for the purpose of trying to find something wrong with a state judgment of conviction."). At this time, there is no indication that appointment of counsel is necessary to prevent a due process violation.